[Crim. No. 789.   Department Two.—December 14, 1901.]

## THE PEOPLE, Respondent, v. HENRY ALTMEYER, Appellant.

CRIMINAL LAW—BURGLARY—EVIDENCE—STOLEN OVERCOAT—CONVERSA-
    TION OF PAWNBROKER WITH DEFENDANT'S WIFE—OPINION OF WIFE.
    —Upon a prosecution for burglary, where it appeared that the
    defendant had pawned a stolen overcoat, taken from a lodging-house,
    it was prejudicial error to permit the pawnbroker to testify to a

conversation with defendant's wife, who was not a witness at the trial, in which he stated to her that he was positive of the identity of the defendant, and she stated her opinion that her husband was innocent, but that everything was against him.

ID.—PAWNBROKER'S CONVICTION OF IDENTITY.—It was incompetent to show that the pawnbroker, as a witness, was equally as confident of the identity of the defendant when talking with defendant's wife as when testifying to such identity at the trial.

ID.—PART OF CONVERSATION PROVED—INCOMPETENT RESIDUE.—Where part only of a conversation has been testified to on cross-examination, it is incompetent to prove the residue thereof on re-examination, where it appears that the residue does not relate to the same subject inquired into on cross-examination, and was not necessary to make it understood.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. William P. Lawlor, Judge.

The facts are stated in the opinion.

Robert Ferral, and J. N. E. Wilson, for Appellant.

Tirey L. Ford, Attorney-General, and A. A. Moore, Jr., Deputy Attorney-General, for Respondent.

GRAY, C.—The appellant was informed against for burglary and a previous conviction of grand larceny. He confessed the previous conviction, and upon a trial was convicted of burglary in the second degree and sentenced to seven years in the state prison.

The evidence tends to show that the defendant, on June 8, 1900, entered a lodging-house at 501 Post Street, in the city of San Francisco, and stole a watch and chain and an overcoat therefrom, and on the following day sold the overcoat to a pawnbroker named Marc Lichenstein. At the trial Lichenstein clearly identified the coat and the defendant as the person that sold it to him. On cross-examination he testified that Mrs. Altmeyer (defendant's wife) had been in his store, and was then asked by defendant's counsel, "She called upon you about this case after he had been arrested, did n't she?" —to which the witness replied, "Yes, sir." Counsel then asked,

"You told her it was to your interest to be upon friendly terms with the police?"—to which the witness replied, "I don't remember. I don't recollect that." The witness on his cross-examination gave no portion of his conversation with defendant's wife. It seems, however, that counsel for the prosecution, as well as the court, were under the impression that said witness had testified on cross-examination to some part of a conversation with the said wife, and accordingly, on the theory that the whole conversation could be brought out on re-examination, the witness, against the objection and exception of defendant, was permitted to testify as follows: "Well, she come down and asked me if I was positive that it was her husband. I says yes, it was. She asked me if I could not be mistaken, and she told me her husband was not in town at that time, on that day. I don't remember anything else exactly." In response to further questions, the witness said: "She did say that she thought her husband—everything was against her husband, and she says he is innocent, but everything looks against him, but she says he could plead guilty and get out of it, to petit larceny." The wife did not testify at the trial, and no witness was called on behalf of the defendant. The foregoing testimony of Lichenstein was clearly incompetent, and also prejudicial to defendant. It was improper to receive the opinion of the wife in evidence to the effect that there was a strong case against her husband, and it was also incompetent to show that Lichenstein was equally as confident of the identity of the defendant when talking to the wife as he had been as a witness upon the trial of the case. Even if counsel and the court had been correct in their impressions that Lichenstein had on cross-examination testified to a part of a conversation with the wife, still the further evidence given would have been incompetent, because it did not relate to the "*same subject*" inquired into on cross-examination, and was not "*necessary to make it understood.*" (Code Civ. Proc., sec. 1854.)

The foregoing seems to be the only error in the case. It is sufficient, however, to reverse the judgment.

We advise that the judgment and the order denying defendant's motion for a new trial be reversed.

Smith, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment and the order denying defendant's motion for a new trial are reversed.          McFarland, J., Temple, J., Henshaw, J.